IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELECTRONIC PRIVACY INFORMATION CENTER**<br>**1718 Connecticut Avenue, N.W.**<br>**Suite 200**<br>**Washington, DC 20009,**<br><br>        **Plaintiff,**<br><br>        **v.**<br><br><br>**DEPARTMENT OF HOMELAND SECURITY**<br>**Washington, DC 20528**<br><br>        **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT FOR INJUNCTIVE RELIEF**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a) (2012), for injunctive and other appropriate relief, seeking the release of agency records requested by the Electronic Privacy Information Center ("EPIC") on October 20, 2014 from the Department of Homeland Security ("DHS").

2. This lawsuit challenges the failure of the DHS to disclose documents in response to EPIC's Freedom of Information Act request ("EPIC's FOIA Request"). EPIC sought documents related to the Future Attributes Screening Technology ("FAST"). EPIC asks the Court to order prompt disclosure of all responsive records.

## Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(A)(vii), 5 U.S.C. §§ 552(a)(4)(B), and 552(a)(6)(c)(i) (2012). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (2013). Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

4. Plaintiff EPIC is a public interest research organization incorporated as a not-for-profit corporation in Washington, D.C. EPIC conducts oversight of government activities and policies and analyzes their impact on civil liberties and privacy interests. Among its other activities, EPIC publishes books, reports, and a bi-weekly electronic newsletter. EPIC also maintains two popular Internet sites, http://www.epic.org and http://www.privacy.org/, which contain extensive information on current privacy issues, including documents obtained from federal agencies under the FOIA. EPIC routinely disseminates information to the public through its website and other media outlets. This Court recognized EPIC's role as a representative of the news media in *EPIC v. Dep't of Defense*, 241 F. Supp. 2d 5 (D.D.C. 2003).

5. Defendant the DHS is a Department of the Executive Branch of the U.S. government and an agency within the meaning of 5 U.S.C. § 552(f)(1). The DHS is headquartered in Washington, D.C.

# FACTS

6. The DHS's Science and Technology Directorate ("S&T") is the sponsor of the ongoing research program known as the FAST Project.[1]

7. The FAST Project is a "Minority Report" style initiative that aims to predict the probability that an individual, who is not suspected of any crime, might commit a future criminal act.[2]

8. The techniques include the collection of personal information, including video images, audio recordings, cardiovascular signals, pheromones, electrodermal activity, and respiratory measurements.[3]

9. The agency will also collect biological and behavioral information from subjects as they engage in daily activities.[4]

10. The personal information of individuals covertly collected is then processed via secret algorithms for behavioral "abnormalities" that the agency claims indicate deceptive behavior or "mal-intent"

11. FAST is funded by S&T's Homeland Security Advanced Research Projects Agency, and is managed by S&T's Human Factors Behavior Sciences Division.[5]

12. The DHS acknowledged testing the FAST Project in a public space in early 2011, yet has refused to make public the test results.[6]

---

[1] Department of Homeland Security, *Privacy Impact Assessment Update for the Future Attribute Screening Technology (FAST)/Passive Methods for Precision Behavioral Screening,* 2 (Dec. 21, 2011), http://www.dhs.gov/xlibrary/assets/privacy/privacy_pia_st_fast-a.pdf.

[2] Declan McCullagh, *Real Life Minority Report Program Gets A Tryout*, CBS News, Oct. 7, 2011, at http://www.cbsnews.com/news/real-life-minority-report-program-gets-a-try-out/.

[3] Department of Homeland Security, *supra*, note 1 at 5.

[4] Department of Homeland Security, *Privacy Impact Assessment for the Future Attribute Screening Technology (FAST) Project,* 3-4 (Dec. 15, 2008), http://www.dhs.gov/xlibrary/assets/privacy/privacy_pia_st_fast.pdf.

[5] *Id.* at 2.

13. The DHS has not provided the location or duration of the test, but has stated that field-testing occurred in the "northeast" and in a "large venue that is a suitable substitute for an operational setting," but not an airport.[7]

14. The DHS's experimental methodology has not been reviewed by independent experts nor has it been subjected to double-blind field-testing, as is standard in the scientific community.[8]

15. The DHS has admitted that one out of five times its FAST Project incorrectly identifies a person as being deceptive or having "mal-intent." [9]

16. The DHS has not begun to address the enormous privacy, transparency, and accountability concerns of its "pre-crime" detection techniques, such as when the algorithm returns a false positive, or when an innocent individual is wrongly detained because he looks like a criminal to the computer.

17. The DHS has not developed protocols or guidelines for clearing a person falsely accused of criminal, terrorist activity by the FAST Project.[10]

18. It is vitally important for the agency to make available to the public more information about the "Future Attributes Screening Technology" program.

**EPIC's FOIA Request**

19. Paragraphs 1-18 above are hereby incorporated by reference as if set forth fully herein.

---

[6] Sharon Weinberger, *Terrorist 'Pre-Crime' Detector Field Tested in United States,* Nature (May 27, 2011), http://www.nature.com/news/2011/110527/full/news.2011.323.html.
[7] *Id.*
[8] Department of Homeland Security, *supra* note 4 at 3.
[9] Eko Armunanto, *FAST: A Machine To Detect People Who Will Soon Break the Law,* Digital Journal (Apr. 2, 2013), http://www.digitaljournal.com/article/347078.
[10] EPIC.org, Future Attribute Screening Technology, https://epic.org/privacy/fastproject/

20. On October 20, 2014, EPIC transmitted, via facsimile, a FOIA request to the DHS ("EPIC's FOIA Request").

21. EPIC's FOIA Request was received by the agency on October 20, 2014.

22. EPIC asked for the following agency records:

    - all Requests for Proposal, contracts, grant allocations, and Statements of Work for performing field-testing operations;

    - all technical specifications for data retention from sensors (and combinations of sensors) deployed in field-testing;

    - all recordings of any testing of FAST technologies since December 13, 2011; and

    - all documents related to future field-testing of FAST technologies (including but not limited to Plan of Action and Milestones, Memoranda of Agreeement/Understanding, and contracts)."

23. EPIC also sought "News Media" fee status as a "representative of the news media" under 5 U.S.C. § 552(4)(A)(ii).

24. EPIC further sought waiver of all duplication fees because disclosure of the records requested will contribute significantly to public understanding of the operation or activities of the government. 5 U.S.C. 552(4)(A).

25. EPIC argued that the documents would provide details about the scope of the FAST Project, a government surveillance program that should be subject to public scrutiny and discussion.

26. On February 24, 2014, EPIC clarified, via telephone, that EPIC is only seeking, in all four categories of EPIC's request, documents created after December 13, 2011.

27. EPIC has received no determination from the DHS pertaining to the substance of EPIC's FOIA Request or EPIC's request for news media fee status and fee waiver.

### EPIC has Constructively Exhausted its Administrative Remedies

28. Paragraphs 1-27 above are hereby incorporated by reference as if set forth fully herein.

29. It has been 86 business days since EPIC's FOIA Request was sent, via fax, to the DHS.

30. The DHS has failed to make a determination regarding EPIC's FOIA Request within the time period prescribed by 5 U.S.C. § 552(a)(6)(A)(ii) and (a)(6)(E)(iii) (2013).

31. The DHS's failure to make a determination within the statutory limit violates the FOIA.

32. EPIC has constructively exhausted the administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i) (2013).

### Count I

### Violation of FOIA: Failure to Comply with Statutory Deadlines

33. Paragraphs 1-32 above are hereby incorporated by reference as if set forth fully herein.

34. As described above, Defendant DHS's failure to make a determination regarding EPIC's Request violated the statutory deadline imposed by the FOIA set forth in 5 U.S.C. § 552 (a)(6)(A)(ii) and (a)(6)(E)(iii) (2013).

35. EPIC has constructively exhausted the applicable administrative remedies with respect to EPIC's FOIA Request. 5 U.S.C. § 552(a)(6)(C)(i) (2013).

### Count II

### Violation of FOIA: Unlawful Withholding of Agency Records

36. Paragraphs 1-35 above are hereby incorporated by reference as if set forth fully herein.

37. As described above, the DHS has failed to comply with statutory deadlines and failed to make responsive records available to EPIC.

38. As a result of DHS's unlawful delay, EPIC and the public have been denied access to agency records to which the parties are lawfully entitled under the FOIA, 5 U.S.C. § 552(a)(3)(A) (2013).

39. EPIC has constructively exhausted the applicable administrative remedies with respect to EPIC's FOIA Request. 5 U.S.C. § 552(a)(6)(C)(i) (2013).

40. EPIC is entitled to injunctive relief compelling the prompt disclosure of the requested agency records.

## Count III

### Violation of FOIA: Failure to Grant News Media Fee Status

41. Paragraphs 1-40 above are hereby incorporated by reference as if set forth fully herein.

42. In the EPIC FOIA Request, EPIC set forth facts and law in support of a determination that it is entitled to Media Fee Status.

43. EPIC has constructively exhausted administrative remedies with respect to the fee status determination. 5 U.S.C. § 552(a)(6)(C)(i) (2013).

44. EPIC is entitled to a determination that it is a media requester as the agency failed to comply with the time limit under 5 U.S.C. § 552 (a)(6)(A)(ii) and (a)(6)(E)(iii). 5 U.S.C. § 552(a)(4) (2013).

45. EPIC is also entitled to a determination that it is a media requester as a matter of law. *EPIC v. Department of Defense,* 241 F. Supp. 2d 5 (D.D.C. 2003).

## Count IV

**Violation of FOIA: Failure to Grant a Fee Waiver**

46. Paragraphs 1-45 above are hereby incorporated by reference as if set forth fully herein.

47. In the EPIC FOIA Request, EPIC set forth facts and law in support of a fee waiver.

48. The agency failed to make a determination on EPIC's fee waiver request.

49. EPIC has constructively exhausted remedies with respect to a fee waiver determination. 5 U.S.C. § 552(a)(6)(C)(i) (2013).

50. EPIC is entitled to injunctive relief providing for a fee waiver in this matter as a consequence of the agency's failure to make a determination on the fee waiver request.

51. EPIC is also entitled to a fee waiver in this matter as the agency failed to comply with the time limit under 5 U.S.C. § 552 (a)(6)(A)(ii) and (a)(6)(E)(iii) (2013). 5 U.S.C. § 552(a)(4)(A)(viii) (2013).

**Requested Relief**

WHEREFORE, Plaintiff prays that this Court:

A. Order Defendant to conduct a reasonable search for all responsive records;

B. Order Defendant to promptly disclose to EPIC responsive records;

C. Order Defendant to produce a Vaughn Index identifying any document or portion of a document withheld, stating the statutory exemption claimed, and explaining how disclosure would damage the interests protected by the claimed exemption;

D. Order Defendant to grant EPIC media status;

E. Order Defendant to grant EPIC a fee waiver;

F. Award Plaintiff its costs and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E) (2013); and

G. Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

Marc Rotenberg, D.C. Bar # 422825
EPIC President

By: */s/ Ginger McCall*
Ginger McCall, D.C. Bar # 1001104
ELECTRONIC PRIVACY
INFORMATION CENTER
1718 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20009
 (202) 483-1140 (telephone)
(202) 483-1248 (facsimile)

Dated: February 26, 2015